**GREEN v. KAISER, Warden.**

No. 2767.

District Court, W. D. Missouri, Central Division.

Feb. 19, 1945.

Petitioner, pro se.

REEVES, District Judge.

The petitioner has caused to be presented his application for a writ of habeas corpus. It is asserted in his petition or application that he entered a plea of guilty in a state court on the 17th of March 1930 to a charge of kidnapping and upon such plea was sentenced to life imprisonment. It was and is his contention that the statute upon which the information was based was Section 4021, R.S.Mo.1929, Section 4415, R.S.Mo.1939, Mo.R.S.A., and that said section limited the punishment to not more than ten years in the penitentiary. He asserts, therefore, that the sentence imposed was illegal. He claims that this court now has jurisdiction because the Supreme Court of Missouri refused to grant the petitioner a hearing, and that the Supreme Court of the United States has denied certiorari.

1. Attached to the petition, or application, was a certified copy of the information filed by the prosecuting attorney of Jackson County, Missouri. Such information contained an averment that the petitioner had theretofore been convicted in Lyons County, Kansas, for the crime of forgery; had been sentenced to the penitentiary; served the sentence imposed; and had been discharged after full compliance with the sentence.

An inspection of the Missouri statute of the same revision, being Section 4461 R.S. Mo.1929, now Section 4854, R.S.Mo.1939, Mo.R.S.A., discloses that punishment is prescribed for a second offense. Section 4462, R.S.Mo.1929, now Section 4855, R.S.Mo. 1939, Mo.R.S.A., provides a standard for admeasuring punishment in the event of a conviction under the laws of another state.

2. Under the statute it was not necessary for the petitioner to be convicted as an habitual criminal. It was sufficient for the prosecuting attorney to allege a former conviction for the sole purpose of securing an augmentation of the punishment prescribed by statute for the specific offense charged.

State v. Humphries, 350 Mo. 938, loc. cit. 941, 169 S.W.2d 350, holds that it is only necessary to charge prior conviction. The matter was more comprehensively cov-

ered in State v. Collins, 266 Mo. 93, loc. cit. 97 and 98, 180 S.W. 866, loc. cit. 867. The court said: "This statute creates no offense, and in no manner authorizes a conviction on a charge of being an habitual criminal, or anything else. It is not even a part of the article on 'Offenses,' but is incorporated in the article on 'Miscellaneous Provisions and Definitions.' It only prescribes a punishment, and provides that in case of a second conviction the penalty shall be severer 'because by his persistence in the perpetration of crime he has evinced a depravity, which merits a greater punishment.'"

It follows that, when the petitioner entered his plea of guilty to a charge of kidnapping, and by which information the court was informed of a previous conviction, the trial judge was justified in increasing the penalty over that limited in the statute.

■ 3. The first or original crime committed by petitioner was that of forgery in the State of Kansas. It was upon conviction for such an offense that he was imprisoned and served the term of his imprisonment. Section 4462, supra, takes into account that the punishment under the laws of another state might differ from that of the State of Missouri, hence it provides as follows: "Every person who shall have been convicted in any of the United States, or in any district or territory thereof, * * * of an offense which, if committed in this state, would be punishable by the laws of this state by imprisonment in the penitentiary, shall, upon conviction for any subsequent offense, within this state, be subject to the punishment herein prescribed upon subsequent convictions, in the same manner and to the same extent as if such first conviction had taken place in a court in this state."

Adverting to the crime of forgery, in Missouri it is to be noted that by Section 4205, R.S.Mo.1929, Section 4594, R.S.Mo.1939, Mo.R.S.A., forgery in the first degree is punishable by imprisonment in the penitentiary for a term of not less than ten years. That means that life imprisonment might be imposed for forgery in the first degree.

Section 4461, supra, in describing punishment, provides as follows: "If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprison-

ment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows: First, if such subsequent offense be such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life, * * * then such person shall be punished by imprisonment in the penitentiary for life; * * *."

It would follow that the sentence imposed upon the petitioner was not beyond the authority of the court receiving the plea of guilty and imposing the sentence.

■ 4. It is averred in the petition that the Supreme Court of the United States has denied certiorari to the Supreme Court of Missouri. That should be interpreted to mean that the Supreme Court of the United States had nothing before it to indicate that the Supreme Court of Missouri had not properly passed on any federal question presented to it.

It may be concluded that no federal question was presented to the Supreme Court of Missouri. In Williams v. Kaiser, 65 S. Ct. 363, 367, the United States Supreme Court said: "It is a well established principle of this Court that before we will review a decision of a state court it must affirmatively appear from the record that the federal question was presented to the highest court of the State having jurisdiction and that its decision of the federal question was necessary to its determination of the cause. Honeyman v. Hanan, 300 U.S. 14, 18, 57 S.Ct. 350, 352, 81 L.Ed. 476; Lynch v. New York, 293 U.S. 52, 55 S.Ct. 16, 79 L.Ed. 191. And where the decision of the state court might have been either on a state ground or on a federal ground and the state ground is sufficient to sustain the judgment, the Court will not undertake to review it. Klinger v. Missouri, 13 Wall. 257, 263, 20 L.Ed. 635; Wood Mowing & Reaping Mach. Co. v. Skinner, 139 U.S. 293, 297, 11 S.Ct. 528, 530, 35 L.Ed. 193; Allen v. Arguimbau, 198 U.S. 149, 154–155, 25 S.Ct. 622, 624, 49 L.Ed. 990; Lynch v. New York, supra."

■ In view of the foregoing, the petitioner is not entitled to a writ of habeas corpus and same should be denied. He will be permitted to file his petition in forma pauperis and when so done, the petition will be dismissed. It will be so ordered.