15 N.J. Super. 436 (1951)
83 A.2d 627
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES McBRIDE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1951.
Decided October 5, 1951.
Writ of Certiorari Denied December 3, 1951.
*438 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. James McBride submitted a brief pro se.
Writ of Certiorari Denied December 3, 1951. See 72 S.Ct. 204.
PER CURIAM.
This is an appeal from a judgment on habeas corpus remanding the appellant to the State Prison.
Four indictments were returned by the Camden grand jury in 1944, each charging appellant with robbery and each alleging prior convictions of high misdemeanors, in order to present a basis for a sentence of life imprisonment under R.S. 2:103-10, as amended by L. 1940, c. 219, § 3. The indictments were tried together and resulted in a verdict that the appellant was guilty of the four robberies and that the allegation of the former convictions was true. On April 3, 1945, the court, in the first three cases, suspended sentence, and in the last case, imposed a life sentence in the State Prison. For the meaning and effect of a "suspended sentence," see State v. Osborne, 79 N.J. Eq. 430 (Ch. 1911); In re Baer, 140 N.J. Eq. 571 (E. & A. 1947), and R.S. 2:199-1. On the habeas corpus and on this appeal, the appellant contends that the sentence for life was void because it violated his constitutional immunity from being twice put in jeopardy for the same offense.
We need consider only one branch of appellant's argument: That the offense charged in each of the indictments was the same, namely, being an habitual criminal; that as soon as the court suspended sentence on one of the convictions, the *439 authority of the court to impose a sentence on the other convictions terminated.
The statute to which we have already referred enacts that a person who, after three convictions of high misdemeanors, is thereafter convicted of a subsequent offense, "is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, shall impose a life sentence in the State Prison upon the person so convicted." The offense, however, of which the defendant may be convicted and for which the life sentence may be given, is not being an habitual criminal; it is the particular robbery or other crime laid in the indictment on which the culprit is sentenced. The averment of the former convictions is only a matter of aggravation that increases the punishment for the robbery. McDonald v. Mass., 180 U.S. 311; 21 S.Ct. 389 (1901); Goodman v. Kunkle, 72 F.2d 334 (1934); State v. Riley, 110 A. 550 (Conn. 1920); People v. Brophy, 63 N.E.2d 95 (N.Y. 1945).
Or the matter may be approached from another angle. The usual test upon a plea of autrefois convict is whether evidence sufficient to support one of the indictments would be sufficient to prove the material averments of the other, or so much of such averments as in themselves charge a crime. State v. Di Giosia, 3 N.J. 413 (1950); State v. Labato, 7 N.J. 137 (1951). In the case before us, the first indictment on which sentence was suspended, charged a robbery of which "A" was the victim, and added the allegation of prior convictions. If the particular robbery had not been proved, the jury would have had to acquit, even though the prior convictions had been admitted. The indictment on which appellant was sentenced to imprisonment for life, charged a robbery upon "B." Proof of that robbery would have been immaterial on the trial of the first indictment and proof of robbing "A" would not have been admissible on the trial of the indictment for robbing "B."
The appellant's claim of double jeopardy is fallacious, and the judgment is affirmed.