40 N.J. Super. 427 (1956)
123 A.2d 383
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES CULVER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1956.
Decided June 20, 1956.
*428 Before Judges CLAPP, JAYNE and FRANCIS.
*429 Mr. Robert O. Brokaw, Assistant County Prosecutor, argued the cause for the respondent (Mr. Leon Gerofsky, County Prosecutor in and for the County of Somerset).
Mr. Gene G. King, assigned counsel, argued the cause for the appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
The history of this litigation appears in State v. Culver, 30 N.J. Super. 561 (App. Div. 1954), affirmed per curiam 16 N.J. 483 (1955).
On December 23, 1947 Culver entered pleas of guilty to three separate allegations, each one charging a different armed robbery and each one alleging previous conviction of three high misdemeanors. Believing that N.J.S.A. 2:103-10 (now N.J.S. 2A:85-12) was applicable and that a life sentence was mandatory, the trial court imposed such a sentence on each of the allegations, the terms to run concurrently.
Habeas corpus proceedings were prosecuted in 1953 and on appeal therein the Appellate Division declared that the life sentences were erroneously given because the record disclosed only two and not three previous high misdemeanor convictions. The opinion concluded by observing that:
"The defendant may apply at any time to the sentencing court for a correction of the invalid sentence so imposed upon him." 30 N.J. Super., at 568.
Thereafter the prisoner sought to be discharged from custody upon the ground that the trial court was without power to resentence him. The application was denied and subsequently the prosecutor moved, under R.R. 3:7-13, for the correction of the illegal sentences. This was done over the objection of Culver, who reiterated his stand that the court lacked authority to take such action. The original life terms were vacated and on allegation No. 3577 he was sentenced to 10 to 15 years in State Prison for the robbery. For being armed in committing the offense, an additional *430 sentence of three to five years to be served consecutively was imposed. On allegation No. 3577A identical terms were meted out to run concurrently with those ordered under No. 3577. On allegation No. 3577B he was subjected to the same sentence of 10 to 15 years on the robbery charge to run consecutively to the sentence under No. 3577. No additional term was laid upon him for being armed in the perpetration of this offense. These were proper sentences under N.J.S. 2A:141-1, formerly N.J.S.A. 2:166-1, and N.J.S. 2A:151-5, formerly N.J.S.A. 2:176-5; and see State v. La Vera, 35 N.J. Super. 256 (App. Div. 1955), certiorari denied 350 U.S. 853, 76 S.Ct. 95, 100 L.Ed. ___ (1955). The judgment embodying the corrections specifically directed that credit be given for time already served.
On this appeal it is contended that the determination of the Appellate Division ended the matter, the authority of the trial court having exhausted itself with the invalid sentence. But R.R. 3:7-13 authorizes the correction of an illegal sentence at any time. Cf. In re Hardman, 131 N.J.L. 257, 258 (Sup. Ct. 1944); and see State v. Benes, 16 N.J. 389, 394 (1954); State v. Kowalczyk, 3 N.J. 231, 233 (1949). The availability of the rule for the stated purpose has been recognized frequently. In re Kershner, 9 N.J. 471, 476; certiorari denied sub nom. Kershner v. New Jersey, 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952); State v. Payne, 17 N.J. Super. 561, 563 (App. Div. 1951); State v. Johnson, 16 N.J. Super. 174, 176 (App. Div. 1951); State v. Weeks, 6 N.J. Super. 395, 398 (App. Div. 1950).
The further claim is made that the general plea of guilty to each allegation actually constitutes only a confession with regard to the charge of being an habitual or multiple offender, and not an admission of guilt of the offense of armed robbery. Assuming that such a position may be asserted at this late date  long after the time for appeal from the original judgment has expired  as a defense to the prosecutor's motion to correct the sentences, we find no merit in it. The recital of previous high misdemeanor convictions under N.J.S.A. 2:103-10, as amended by L. *431 1940, c. 219, p. 889, § 3, which was in effect in 1947, was not the charge of another or additional crime. It was simply an allegation which went to the matter of aggravation of the punishment for the substantive offense charged, namely, robbery. State v. McBride, 15 N.J. Super. 436 (App. Div. 1951), certiorari denied 342 U.S. 894, 72 S.Ct. 204, 96 L.Ed. 670 (1951); Green v. Kaiser, 59 F. Supp. 361 (D.C.W.D. Mo. 1945). The plea of guilty clearly amounted to admission of guilt of the substantive offense, as well as to the incidental accusation of being an habitual criminal. United States ex rel. Derencz v. Martin, 36 F.2d 944 (4 Cir. 1930), certiorari denied 281 U.S. 736, 50 S.Ct. 249, 74 L.Ed. 1151 (1930); Jenness v. State, 144 Me. 40, 64 A.2d 184 (Sup. Jud. Ct. 1949); Green v. Kaiser, supra; Commonwealth v. Fortier, 258 Mass. 98, 155 N.E. 8 (Sup. Jud. Ct. 1927); State v. Miglin, 101 Conn. 8, 125 A. 250 (Sup. Ct. Err. 1924); cf. State v. McBride, supra.
Finally, the argument is made that the new judgment should be set aside because it was not preceded by a presentence investigation. The alleged error was not brought to the attention of the trial court at or before the new impositions were made. Consequently it is not available on appeal. State v. Heyer, 89 N.J.L. 187 (E. & A. 1916). Moreover, no substantial prejudice is shown or suggested to have resulted from such failure and the plain error rule, R.R. 1:5-1(a), cannot be applied. State v. Picciotti, 12 N.J. 205 (1953).
Moreover, it may be noted that the presentence investigation rule, R.R. 3:7-10(b), was not in effect in 1947 when Culver was sentenced originally. He spent the succeeding years in prison. During that period the authorities there have had ample opportunity to observe his conduct and to appraise the progress of rehabilitation. Such firsthand knowledge and the personal history obtained by them are probably adequate in this instance for purposes of parole consideration.
The rule which calls for the presentence report is a mandate of the highest order. Note the report to the Supreme *432 Court of the Committee on Improvement of Sentencing and Probation Procedures, 75 N.J.L.J. 329, 333 (Sept. 1952). While it cannot be characterized as a jurisdictional prerequisite to a valid sentence, its importance to the proper administration of criminal justice is so great that in proper cases the sentence may be vacated and a remand granted in order to secure compliance.
It must be kept in mind that the case will be rare indeed in which a prisoner can show prejudice stemming from disregard of the rule. Realization of this fact and of the important social purpose to be served by the presentence investigation, ought to stimulate an unswerving adherence to the practice. Cf. State v. Benes, supra. However, under the unusual circumstances of the present matter, we do not consider it necessary to direct a remand.
On the whole record we find no error which would justify a reversal. The resentence judgment is therefore affirmed.