54 N.J. Super. 283 (1959)
148 A.2d 724
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK WIMBUSH, ALSO KNOWN AS FRANK BLACKWELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1959.
Decided February 27, 1959.
*285 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Robert Queen argued the cause for appellant.
Mr. Edward J. Phelan, Assistant Prosecutor, argued the cause for respondent (Mr. Stanley E. Rutkowski, Mercer County Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from a judgment of the County Court sentencing him to a term of 7 to 15 years in State Prison for the crimes of assault with an offensive weapon (N.J.S. 2A:90-3) and carrying a concealed weapon (N.J.S. 2A:151-41). He was sentenced *286 as an habitual criminal (N.J.S. 2A:85-12). Defendant does not challenge the finding of guilt of the crimes charged but raises certain procedural objections to his being sentenced as an habitual criminal.
On September 18, 1957 defendant was tried and convicted under an indictment charging him with the crimes of assault with an offensive weapon (two counts) and with carrying a concealed weapon (one count). No sentence was imposed at that time.
Pursuant to the County Court's direction, the prosecutor on October 9, 1957 filed an accusation alleging that defendant had been convicted of the above crimes on the stated date; further, that he had on three prior occasions been convicted of crimes classified as high misdemeanors, and consequently he was subject to the penalty provided by the Habitual Criminal Act, N.J.S. 2A:85-8 et seq. The prior convictions and sentences were: (1) in 1936, atrocious assault and battery, sentence to the Rahway Reformatory; (2) in 1945, breaking, entering, larceny and receiving, 2-3 year sentence in State Prison; and (3) in 1947, robbery, 2-3 year sentence in State Prison. In each of these cases defendant had retracted a former plea of not guilty and entered a plea of non vult.
N.J.S. 2A:85-12 provides that any person convicted on three separate occasions of high misdemeanors, and who thereafter is convicted of a misdemeanor or high misdemeanor under the laws of this State, is an habitual criminal; and the court in which such fourth or subsequent conviction is had may impose upon the person so convicted a sentence in State Prison for any term of years or for life. N.J.S. 2A:85-13 sets out the procedure to be followed in such case:
"If at any time, before sentence, it shall appear that a person convicted of a misdemeanor or a high misdemeanor under the laws of this State has previously been convicted as set forth either in sections 2A:85-8, 2A:85-9 or 2A:85-12 of this Title, and it also appears to the court by whom such person is to be sentenced that the offenses resulting in such conviction are such as to warrant the imposition of a penalty greater than the maximum which may be imposed upon a person convicted of such misdemeanor or high misdemeanor *287 who had not previously been convicted as aforesaid, then the court shall direct the prosecutor of the county in which such conviction was had to file an accusation accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had, shall cause the said person to be brought before it and shall inform him of the allegations contained in such accusation and of his right to be tried as to the truth thereof, and shall require such person to plead to the accusation. If such person refuses to plead or remains silent or pleads not guilty, a not guilty plea shall be entered and a jury shall be impanelled to inquire whether said person is guilty as outlined in sections 2A:85-8, 2A:85-9 and 2A:85-12 of this Title, respectively.
If the jury finds said person guilty or if he pleads guilty or non vult, the court may sentence him to the punishment prescribed in sections 2A:85-8, 2A:85-9 and 2A:85-12, as the case may be.

* * * * * * * *"
It was pursuant to N.J.S. 2A:85-13 that the County Court directed the prosecutor to file the above described accusation. A copy was served on defendant personally, and he was thereafter brought before the County Court where a plea of not guilty was entered. At the ensuing trial the State introduced in evidence copies of his prior convictions, along with his fingerprint records and photographs. Defendant admitted he was the identical party involved in the prior crimes. The jury found him guilty.
On February 14 defendant was sentenced under the accusation to a term of 7 to 15 years in State Prison as an habitual criminal. Defendant promptly appealed. The County Court and the prosecutor recognized that error had been committed, and on March 28, 1958 defendant was brought before the court, the sentence theretofore imposed on the accusation was vacated, and defendant sentenced to a term of 7 to 15 years in State Prison on the assault with offensive weapon and carrying concealed weapon indictment under which he had been found guilty the previous September. Defendant thereupon appealed that conviction.
The plain import of N.J.S. 2A:85-12 and 13 is that a fourth offender is to be sentenced to prison for his guilt of the offense for which he has been convicted (here assault with offensive weapon and carrying concealed weapon), taking into account his prior record. He is not *288 sentenced for the substantive crime of being an "habitual criminal." That designation is merely a warrant for the imposition of a greater sentence for the fourth offense for which he has been convicted. State v. McBride, 15 N.J. Super. 436, 439 (App. Div. 1951). The prior convictions are only a matter of aggravation of guilt in the repetition of criminal conduct, warranting the imposition of the heavier penalty ordained by the Legislature in the case of a convicted recidivist for the substantive offense presently dealt with. State v. Lutz, 135 N.J.L. 603, 604-605 (Sup. Ct. 1947); Worbetz v. Goodman, 47 N.J. Super. 391, 404-405 (App. Div. 1957).
The difficulty here, of course, arises from the court's error in imposing sentence for guilt of the several elements charged in the accusation, rather than for the crimes charged in the fourth indictment tried in September 1957  an error which it sought to correct by its judgment of March 28, 1958. Had the County Court itself not vacated the sentence imposed on February 14, 1958 under the accusation, we would have been obliged to set it aside.
This brings us to defendant's main point, that the County Court was without jurisdiction to enter the March 28, 1958 judgment correcting the earlier sentence of February 14, 1958, since the matter was under appeal. The appeal from the latter judgment obviously implicated the conviction for the crimes of assault with offensive weapon and carrying concealed weapon for which defendant had been convicted and was awaiting sentence. R.R. 1:4-1, made applicable to this court by R.R. 2:4-1, provides that the supervision and control of the proceedings on appeal shall be in the appellate court from the time the appeal is taken. Thus, as of March 3, 1958, when defendant appealed from the judgment entered February 14, 1958, the County Court was without power to modify the judgment appealed from. The proper procedure would have been for the prosecutor to move in this court for permission to do what was sought to be done on March 28, 1958. He did not do so.
*289 The State concedes that normally the filing of a notice of appeal invokes the jurisdiction of the appellate court and divests the trial court of jurisdiction. It seeks to justify the action taken by the County Court on March 28, 1958 by resorting to R.R. 3:7-13, which declares that the trial court "may correct an illegal sentence at any time." However, that rule is addressed only to the time when a trial court may act in correcting an illegal sentence; it does not give that court the power to act while the matter is on appeal.
We need but briefly mention defendant's remaining contentions. He argues, first, that no conviction as an habitual criminal may be predicated upon a series of indictments where the prior conviction or convictions have not been made a part of a subsequent indictment. As we understand the argument, defendant claims that the latest indictment should have mentioned his three prior convictions, the 1947 indictment the previous two, and so on. The short answer is that there is no such statutory requirement. The State has heretofore never sought the imposition of a greater penalty against defendant as a two-time or three-time offender (N.J.S. 2A:85-8 and 9, formerly R.S. 2:103-7 and 9), and therefore was under no obligation to list previous convictions in the indictments then being prosecuted. And when it finally did seek a heavier penalty as a four-time offender (N.J.S. 2A:85-12, formerly R.S. 2:103-10), it proceeded by accusation, as specifically directed by N.J.S. 2A:85-13.
Defendant next contends that the record of his fourth offense was not admissible under the habitual offender accusation tried to a jury in late 1957, because there had as yet been no sentence imposed on his conviction for that offense. Again, there is no such statutory requirement. In fact, N.J.S. 2A:85-13 points completely the other way: upon conviction for the fourth offense the court by whom defendant "is to be sentenced," realizing that a heavier penalty may be imposed because of previous convictions, is required to direct the prosecutor to file an accusation charging defendant *290 with such prior convictions. It is only after a jury trial on the accusation resulting in a guilty verdict, or a plea of guilty or non vult, that the court may sentence defendant to the greater punishment prescribed by the Habitual Offender Act.
Finally, defendant claims that the sentence imposed by the County Court was illegal because of unreasonable delay, citing R.R. 8:7-8 and 11. These rules appear in Part VIII of the Revision of Rules Governing the Courts of New Jersey (effective September 9, 1953, with amendments to date), governing practice in the local criminal courts. See R.R. 8:1-1. The sentence here was imposed pursuant to Part III of the rules, governing the practice and procedure in the Superior Court and County Courts in all criminal proceedings.
We conclude that the judgment of March 28, 1958 was without effect since the County Court had no jurisdiction at the time to enter it. The February 14, 1958 judgment must be reversed because there was no statutory authority for sentencing defendant on the accusation of being an habitual criminal. All the safeguards and standards that must be maintained to sustain a conviction under N.J.S. 2A:85-12 and 13 having otherwise been afforded defendant, the matter will be remanded to the County Court with the direction to enter a judgment sentencing defendant to State Prison under the fourth indictment on which he was convicted in September 1957 for assault with offensive weapon and carrying concealed weapon, as an habitual criminal. The judgment may be entered nunc pro tunc as of March 28, 1958.
Reversed and remanded for further action in conformity with this opinion.