IN THE MATTER OF WILLIAM BROWN, JR., DEFEND-ANT-APPELLANT, CHARGED WITH CONTEMPT OF COURT.

Argued September 25, 1967—Decided December 18, 1967.

*Mr. Samuel H. Nelson* for appellant (*Mr. Jack Trugman,* attorney).

*Mr. Jacob Fox* for respondent.

The opinion of the court was delivered

PER CURIAM. Defendant was convicted of contempt of court and fined $500. We certified his appeal before it was heard in the Appellate Division.

The contempt involved a violation of a temporary restraining order against a threatened strike by public school teachers of the City of Newark, of whom defendant was one. The strike was nonetheless called and defendant along with some 1,700 others did not report for work.

■■ Defendant contends the charge was not proved. He concedes that he was served with the restraining order, that he decided not to report to work, and stayed away. He says, however, that he did not report, although opposed to the strike, because if he had, his membership on the negotiating team would likely have been terminated, and with it his chance to seek an end to the stoppage. Being thus motivated, defendant says he did not have the *mens rea* required for a conviction for contempt, *i. e.,* "a willfulness, an

indifference to the court's command." *Dept. of Health v. Roselle,* 34 *N. J.* 331, 337 (1961). But the facts, indeed defendant's own testimony, show his violation of the order was willful. The real thrust of his appeal is that his motive was good. Good motive, of course, does not negate willfulness. Nor does it excuse an intentional breach of a court's order; it cannot rest with the individual to decide that he can accomplish a greater good by ignoring the restraint. See *In re Carton,* 48 *N. J.* 9, 25 (1966).

The State proved its case beyond a reasonable doubt. We find the punishment was appropriate. The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For reversal*—None.