153 N.J. Super. 496 (1977)
380 A.2d 298
IN THE MATTER OF FRANCES ADLER ET AL., CHARGED WITH CONTEMPT OF COURT, APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1977.
Decided November 9, 1977.
*498 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Emil Oxfeld argued the cause for appellants (Messrs. Rothbard, Harris & Oxfeld, attorneys).
Mr. Charles F. Shaw III, Assistant Monmouth County Prosecutor, argued the cause for respondent (Mr. Clinton E. Cronin, Acting Monmouth County Prosecutor, attorney).
PER CURIAM.
These are three consolidated groups of appeals, arising out of adjudications of contempt, by striking Matawan Regional School District teachers, of a restraining *499 order of the Chancery Division ordering them back to work. All pleaded guilty of contempt of court. They were sentenced in three groups, as follows.
Group I consists of 44 defendants who were sentenced October 6, 1977: 6 to a jail term of 30 days and $150 fine; one to a jail term of 10 days and $50 fine; 34 to a jail term of 20 days and $100 fine, and 3 to a suspended jail term and a $100 fine.
Group II consists of 33 defendants sentenced October 20, 1977; 5 to a jail term of 30 days and $150 fine; 27 to a jail term of 20 days and a $100 fine, and 1 to a suspended jail term and a $250 fine.
Group III consists of 39 defendants sentenced October 27, 1977: 2 to a 30 day jail term and $150 fine; 31 to a 20 day jail term and $100 fine, and 6 to a suspended jail term and $250 fine.
All defendants sentenced to confinement were given the option of work release.
The appeal of Group I was heard by the court November 7, 1977 on an accelerated schedule. Notices of appeal having been filed as to Group II and Group III, it was stipulated and ordered in open court that the three groups of cases be considered consolidated on appeal and decided together, the arguments and briefs submitted as to Group I be deemed applicable to the others, without further briefs or argument.
On appeal of a summary conviction for a contempt the appellate court reviews on the law and the facts and exercises sentencing power de novo on the trial record. N.J.S.A. 2A:10-3; R. 2:10-4. In re Education Ass'n of Passaic, Inc., 117 N.J. Super. 255, 259 (App. Div. 1971), certif. den. 60 N.J. 198 (1972). The sentences we pronounce hereinafter represent our independent conception of just and appropriate sanctions under all the attendant circumstances.
Defendants argue that there was a deficiency in sentencing them for contempt without the prior submission of *500 a presentence report. R. 3:21-2. Since we are to sentence anew, the question is whether we may pronounce sentence without such a report. Sensitive to the implications of the question, in our order setting the matter down for argument we solicited briefing and affidavits, particularized as to each defendant, as to appropriate punishment. These were not supplied. While a presentence report might be of value, the necessity for prompt adjudication of alleged contempts by over 100 individuals would render such a prerequisite difficult. Having in mind that these defendants are all school teachers, and the ambiguous nature of a contempt in respect of criminality, see In re Buehrer, 50 N.J. 501, 516-517 (1967), we do not regard a presentence report as indispensable in the exercise of our sentencing discretion as to the offenses in the present context. Cf. State v. Culver, 40 N.J. Super. 427, 431-432 (App. Div. 1956), aff'd 23 N.J. 495 (1957); State v. Alvarado, 51 N.J. 375 (1968). We point out, moreover, that where special circumstances warranted suspension of jail terms, such action was taken by the trial court, and we will do the same.
Defendants in Group I complain that they did not intend by their guilty pleas to plead guilty to more than one day's contempt, whereas some of them were charged with two, and some with three days' abstention from attendance at school after notice of the restraining order, and sentenced accordingly. However, the record establishes beyond the possibility of misapprehension that their counsel was fully aware of the fact that some sentences were being meted out for multiple days' offenses, and made no objection at the time. Moreover, in view of the nature of the sentences we are fixing, the question will be moot.
All defendants complain of the alleged selectivity of the prosecutions. They contend that 400 teachers were absent from school after issuance of the restraining order, but that the contempt citations were served on only 116. However, the facts do not spell out invidious discrimination. *501 According to an affidavit of counsel for the school district board of education, about 200 of the school teachers were served with the restraining order, most of those chosen for such service being persons easily accessible because of their presence on the picket lines. Of that number, the smaller number later served with contempt orders were such as could be located for service by a professional process-serving company engaged for the purpose. The obvious controlling consideration, having in mind the logistics of the situation, was convenience, not discrimination. We find no invalidating selectivity in prosecution.
The principal task before us is the assessment of proper sanctions. Unquestionably, the primary consideration is vindication of the authority of the court. As the trial judge quite properly observed, in sentencing, "for the continuation of our society in its present form court orders must be obeyed." Therefore the paramount purposes in sentencing for contempt of court are retribution and deterrence. The complex underlying socio-economic considerations which impelled some of the defendants, on being sentenced below, to say they had acted out of concerns of conscience and morality, must be addressed to the Legislature, not this court.
In sentencing, we do not regard it as just to differentiate concerning the number of days of contempt involved. All the teachers were absent from school during the same period. The differences in the days of contempt charged were largely fortuitous, depending upon when a particular defendant was served with the restraining order. And, as noted above, many of the teachers, all of whom undoubtedly were aware of the order, have not been prosecuted at all. We think the sentences should be uniform, except where a proper basis for suspension of jail terms has been manifested.
We are also concerned with the early restoration of an atmosphere of normality at the school in the interests of minimum interference with the education of the children, *502 already seriously affected by the events in question. We are therefore imposing terms of confinement for a period of seven days on all defendants except those who, for special reasons, were granted suspension of jail terms by the trial court. We concur in such suspensions. All terms of sentence will commence November 16, 1977 and conclude on November 23, 1977, with credit for time served. We believe it better to terminate the entire episode by the time specified than to protract it by staggering the terms over an extended period. To render this possible, in view of the limited capacity of the Monmouth County Correctional Institution, defendants will be assigned for service of terms to neighboring county and state institutions, to the extent that the Monmouth County facility cannot accommodate them.
We have determined not to afford defendants the option of work release during service of terms. Defendants' brief describes such a program, with the spectacle of teachers going back and forth daily from school to jail, as "destructive of the educational process." We also regard as unsuitable defendants' suggestion that they be permitted to serve their terms doing social service.
In addition to the terms of confinement each defendant is assessed a fine of $50.[1]
Judgments accordingly.
NOTES
[1] We cannot on this appeal increase the fines above those fixed by the trial court. State v. De Bonis, 58 N.J. 182 (1971); State v. Nash, 64 N.J. 464 (1974). As above noted, one of the fines imposed below was $50. We have already indicated that in our view all penalties should be the same (except as to the suspensions of jail terms for special circumstances.)