183 N.J. Super. 62 (1982)
443 A.2d 239
STATE OF NEW JERSEY, IN THE MATTER OF THE CONTEMPT OF RONALD M. SPANN, AN ATTORNEY AT LAW OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1982.
Decided March 8, 1982.
*63 Before Judges MICHELS, McELROY and J.H. COLEMAN.
John A. Ridley argued the cause for appellant (Crummy, Del Deo, Dolan and Purcell, attorneys; John A. Ridley of counsel; Helen Lukievics on the brief).
Arlene R. Weiss, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James R. Zazzali and John J. Degnan, former Attorneys General of New Jersey, and Arlene R. Weiss, of counsel; Arlene R. Weiss on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
*64 Defendant Ronald M. Spann, an attorney at law of the State of New Jersey, was convicted of contempt of court in violation of N.J.S.A. 2A:10-1 for willfully refusing an assignment to represent an indigent defendant who was charged in the Peapack-Gladstone Municipal Court with speeding (N.J.S.A. 39:4-98 c), driving while under the influence of intoxicating liquor (N.J.S.A. 39:4-50), failing to produce a valid insurance identification card (N.J.S.A. 39:3-29), and simple assault (N.J.S.A. 2C:12-1(a)). The trial judge sentenced defendant to six months in Somerset County Jail, which sentence was suspended and he was fined $1,000. Defendant appeals.
Defendant does not dispute the fact that he was assigned to represent a defendant in the municipal court or that he willfully refused to accept the assignment. Rather, he seeks a reversal of his conviction and the entry of a judgment of acquittal, raising the following contentions in his brief:
POINT I. REPRESENTATION OF INDIGENT DEFENDANTS IN MUNICIPAL COURT PROCEEDINGS IS STATUTORILY MANDATED TO BE UNDERTAKEN BY THE PUBLIC DEFENDER. SPANN, A PRIVATE ATTORNEY, PROPERLY REFUSED THE ASSIGNMENT BY THE MUNICIPAL COURT.
A. The Statutory Scheme versus the State's Claim of Contempt.
B. Spann's Reliance on N.J.S.A. 2A:158A-5.2 for the First Time on Appeal is Appropriate. The Court Should Decide the Issue of its Applicability.
POINT II. THE COURT BELOW ERRED IN RULING THAT SPANN'S ONLY RECOURSE TO CHALLENGE HIS ASSIGNED CLIENT'S "INDIGENCY" WAS TO FIRST ACCEPT AND COMPLETE THE REPRESENTATION OF THAT CLIENT.
POINT III. A JUDGE SHOULD NOT SIT AS THE TRIER OF FACT IN A CRIMINAL CONTEMPT TRIAL WHERE HE IS THE IMMEDIATE SUBORDINATE OF THE ASSIGNMENT JUDGE WHO IS THE CONTEMPT COMPLAINANT, AND A PRINCIPAL WITNESS AT THE TRIAL, AND WHO ALSO HAD ASSIGNED THE TRIAL JUDGE TO SIT IN THE MATTER.
POINT IV. NO FINDING OF THE INDIGENCY OF THE CLIENT ASSIGNED WAS EVER MADE BY THE COURT; THEREFORE, THE COURT LACKED JURISDICTION TO ASSIGN COUNSEL UNTIL SUCH DETERMINATION WAS MADE.

*65 POINT V. SPANN'S ACTIONS CANNOT CONSTITUTE CONTEMPT BECAUSE THE MUNICIPAL COURT NEVER HAD JURISDICTION OVER THE MATTER, SINCE THE CHARGES AGAINST THE PURPORTED INDIGENT WERE NEVER PROPERLY DOWNGRADED.
Our duty on an appeal of a summary conviction for contempt is to try the matter de novo on the trial record, upon the law and the facts, towards the end of adjudicating both guilt and punishment. N.J.S.A. 2A:10-3 and R. 2:10-4. In re Yengo, 84 N.J. 111, 135 (1980), cert. den. 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1981); Sarner v. Sarner, 28 N.J. 519, 525 (1959), app. dism. 359 U.S. 533, 79 S.Ct. 1137, 3 L.Ed.2d 1028 (1959), reh. den. 360 U.S. 940, 79 S.Ct. 1446, 3 L.Ed.2d 1552 (1959); In re Adler, 153 N.J. Super. 496, 499 (App.Div. 1977); In re Parsippany-Troy Hills Education Ass'n, 140 N.J. Super. 354, 360 (App.Div. 1975); In re Education Ass'n of Passaic, Inc., 117 N.J. Super. 255, 259 (App.Div. 1971); certif. den. 60 N.J. 198 (1972); Newark Bd. of Ed. v. Newark Teachers Union, 114 N.J. Super. 306, 318 (App.Div. 1971), certif. den. 58 N.J. 605 (1971), cert. den. 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971). "The only limitation on our power, beyond that applicable to the trial court, is that we may not impose a `greater sentence' than that which the trial court imposed." In re Parsippany-Troy Hills Education Ass'n, supra. See State v. DeBonis, 58 N.J. 182 (1971). See, also, State v. Nash, 64 N.J. 464 (1974).
Recognizing this obligation, we have carefully reviewed the entire record and are in accord with the factual findings and legal conclusions set forth in the oral opinion of Judge Diana in the Law Division and adopt them as our own. It is undisputed and we find beyond a reasonable doubt that defendant's refusal to accept the assignment to represent the indigent defendant in the municipal court constituted a contempt of court in violation of N.J.S.A. 2A:10-1. The system pursuant to which defendant was assigned to represent the indigent is unquestionably lawful and valid and defendant was under a duty to accept the assignment. In re Frankel Contempt, 119 N.J. Super. 579, 581 (App. Div. 1972), certif. den. 62 N.J. 75 (1972), cert. den. 409 U.S. 1125, *66 93 S.Ct. 939, 35 L.Ed.2d 257 (1973). In finding defendant guilty of criminal contempt, we have considered the contentions set out above and all of the arguments advanced by defendant in support of them and find that they are clearly without merit. R. 2:11-3(e)(2).
We deem it appropriate, however, to comment further on defendant's claim that the municipal court judge lacked the power to assign him to represent the indigent defendant because such representation was the responsibility of the Public Defender under N.J.S.A. 2A:158A-5.2. Without reviewing the entire history of the assignment of counsel to indigents in this State (see State in the Interest of Anthony Antini, Jr., 53 N.J. 488 (1969); State v. Rush, 46 N.J. 399 (1966)), it is sufficient to point out that in 1967 our Legislature created the Office of Public Defender (N.J.S.A. 2A:158A-1 et seq.; L. 1967, c. 43, § 1) and imposed upon it the duty to provide for the legal representation of any indigent who was formally charged with the commission of an indictable offense. N.J.S.A. 2A:158A-5. In 1971 the Supreme Court extended the right to assigned counsel to indigent defendants in municipal court proceedings where such defendants are subject, if convicted, to a threat or a likelihood of imprisonment or other consequence of magnitude. Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971). On May 12, 1971, in response to the mandate of the Rodriguez case, an Administrative Directive was issued concerning the assignment of counsel to indigent defendants by municipal court judges. That Directive (No. 13-70) reads:
Each Assignment Judge, in conjunction with the Municipal Court judges in his county or counties, should establish a list or panel of attorneys for each Municipal Court from which list the Municipal Court judges shall then make assignments of counsel as required by this decision.
Each Municipal Court judge should establish an appropriate screening procedure to ascertain in advance of trial: (a) whether the charge made in the complaint is likely to result, in the event of conviction, in imprisonment or other consequence of magnitude; and (b) whether the defendant is indigent. In determining indigency the court should consider the fee ordinarily charged by attorneys to handle such cases. It might be noted here that there is no provision, either in the court rules, or the statutes, which presently authorizes a court to compensate assigned counsel in these cases.
*67 In 1974 the Legislature expanded the Public Defender's duty of representation of indigents to encompass those who had been afforded a right to assigned counsel under the Rodriguez case. N.J.S.A. 2A:158-5.2, which went into effect on May 1, 1976, provides:
The Public Defender shall in the manner prescribed by P.L. 1967, c. 43 (C. 2A:158A-1 et. seq.) provide for the legal representation of any person charged with a disorderly persons offense or with the violation of any law, ordinance or regulation of a penal nature where there is a likelihood that the persons so charged, if convicted, will be subject to imprisonment or, in the opinion of the court, any other consequence of magnitude. [L. 1974, c. 33, § 3].
However, the Legislature did not appropriate the funds necessary to implement this provision of the statute and therefore the Public Defender has not assumed the responsibility imposed thereby. In Norton v. State, 167 N.J. Super. 212, 215-217 (App. Div. 1975), we recognized the anomaly of the situation created by the passage of N.J.S.A. 2A:158-5.2 without adequate funding, commenting:
The fact that N.J.S.A. 2A:158A-5.2 is totally unfunded is, of course, an anomaly. We confess uncertainty as to what the Legislature intended to be done. Did it intend, as plaintiff contends, that the Public Defender use whatever funds were appropriated to provide representation for all classes of defendants, indicted and nonindicted, as well as juveniles, indiscriminately without regard to the fact that the funds so used would not last through the fiscal year? Or did the Legislature intend the Public Defender to exercise discretion in determining which defendants would be given prior claim to the funds available, thus providing representation to indicted defendants and juveniles, and relegating those charged with nonindictable offenses to the representation of counsel assigned on a rotating basis?
The answers to these questions are not apparent to us without resort to conjecture and surmise. It is, however, manifestly clear that the urgency of the mandate contained in N.J.S.A. 2A:158A-5.2 has been dissipated to a considerable degree by the Legislature's failure to appropriate any funds to implement it despite two requests therefor by the Public Defender. Ultimately, the Legislature will have to choose between repeal of the enactment, deferral of its effect until a future date or funding of it by adequate appropriation. In the interim, the means to carry out the command of N.J.S.A. 2A:158A-5.2 have been denied. Whether or not the Public Defender is to defend those charged with nonindictable offenses rests, in the final analysis, with the Legislature.
The existence of the enactment unfunded creates, in the interim, a continuing dilemma to all called upon to deal with it. Until the problem is legislatively resolved, representation of those charged with nonindictable offenses will be in accord with the counsel of State in the Interest of Anthony Antini, Jr., 53 N.J. 488 (1969):

*68 "This means, of course,  as we believe the legislature fully appreciates  that sufficient money must be provided at the state level to enable the Public Defender to engage sufficient personnel to man all courts expeditiously. If the appropriation made to him proves insufficient in any fiscal year, we shall have to return, for the balance of such year, to the compensation scheme set forth in Rush as to both adult and juvenile courts." [at 495]
Consequently, until the Legislature provides the necessary funds for the Public Defender to assume the responsibility mandated by N.J.S.A. 2A:158A-5.2, members of the bar of the State of New Jersey will have to continue to bear the burden of representing indigent defendants in certain municipal court proceedings as they have done in the past. This system of the assignment of counsel which is set forth in R. 3:27-2 (Source  R.R. 1:12-9(c)), has been approved by the Supreme Court in State in the Interest of Anthony Antini, Jr., supra. R. 3:27-2 provides:
Every person charged with a non-indictable offense shall be advised by the court of his right to retain counsel or, if indigent and constitutionally or otherwise entitled by law to counsel, of his right to have counsel assigned without cost. If the defendant asserts he is indigent, unless he affirmatively states his intention to proceed without counsel, the court shall have him complete the appropriate form prescribed by the Administrative Director of the Courts. If the court is satisfied that he is indigent and that he is constitutionally or otherwise entitled by law to counsel, the court shall assign counsel to represent him. Such assignment shall, so far as practicable, be made either in rotation from a list of available counsel established and maintained at the direction of the Assignment Judge or under such other system as shall have been established by the Assignment Judge with the approval of the Supreme Court. Counsel so assigned shall promptly file his appearance pursuant to R. 7:10-3(b). The representation of the defendant by counsel so assigned shall continue through trial and, in the event of a conviction, shall continue through sentencing and shall include advising the defendant with respect to his right to appeal, and, if he desires to appeal, the preparation and filing of the notice of appeal and of an application for the assignment of counsel on appeal, but shall not include representation thereafter on such appeal or on any subsequent application for post-conviction relief unless further assigned.
Accordingly, the municipal court judge had the authority to assign defendant to represent the indigent defendant in the Peapack-Gladstone Municipal Court action notwithstanding N.J.S.A. 2A:158-5.2.
*69 Finally, we emphasize that while defendant may have labored under the mistaken belief that there was some justification for his refusal to accept the court ordered assignment to represent the indigent, this does not provide a valid defense to the charge of criminal contempt. Good motives or intentions do not negate willfullness nor do they excuse an intentional breach of a court order. See In re Brown, 50 N.J. 435, 436-437 (1967); In re Carton Contempt, 48 N.J. 9, 16-19 (1966). The proper procedure for defendant to have followed if he wished to challenge the municipal judge's decision to assign him (defendant) to represent the indigent would have been either to seek leave to appeal from the order of assignment or accept the same and apply for compensation thereafter. See In re Frankel Contempt, supra, 119 N.J. Super. at 581.
Accordingly, we find defendant guilty beyond a reasonable doubt of the contempt charged, and we sentence defendant to six months in the Somerset County Jail which sentence is suspended, and impose a fine of $1,000. We deem this sentence to be just and appropriate under all of the attendant circumstances.