184 N.J. Super. 340 (1982)
446 A.2d 185
IN THE MATTER OF THE STATE OF NEW JERSEY
v.
JOSEPH N. MONAGHAN, ALSO REFERRED TO AS JOSEPH N. MONGHAN, AND CATHERINE ANEN. COUNTY OF ESSEX, APPELLANT,
v.
LEON S. WILSON, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1982.
Decided May 6, 1982.
*341 Before Judges MILMED, JOELSON and GAULKIN.
Hugh E. Lucariello, Assistant Essex County Counsel, argued the cause for appellant County of Essex (David H. Ben-Asher, Essex County Counsel, attorney; Lucas E. Phillips, Jr., Assistant Essex County Counsel, of counsel and on the initial and reply briefs).
Michael M. D'Alessio, Jr., argued the cause for respondent Leon S. Wilson (Wilson and D'Alessio, attorneys; Leon S. Wilson of counsel and on the brief).
PER CURIAM.
This appeal brings up for review the propriety of orders of the Law Division directing the County of Essex (county) to pay a counsel fee to court-appointed counsel for representing an indigent defendant on her appeal from her conviction in the Municipal Court of West Orange.
The pertinent facts may briefly be summarized. It appears that respondent Leon S. Wilson (counsel), a member of the bar *342 of this State, was designated by a judge of the Municipal Court of the Town of West Orange to represent, and did represent, Catherine Anen (defendant), an indigent, on two disorderly persons charges which were pending against her in that court.[1] Tried in the municipal court on these charges this defendant was acquitted on one of the charges but found guilty on the other. On the conviction she was required to pay a fine of $100 and costs of $10. No custodial term was imposed. Counsel then applied to the Law Division for appointment to represent her therein on her appeal from the conviction. Counsel also asked that provision be made for payment to him "of reasonable attorneys fees for services rendered in connection therewith." An order was entered on the application appointing counsel to represent defendant on the appeal and requiring that counsel "be compensated by the County of Essex for services rendered in connection with such appeal on a quantum meruit basis." The order also required counsel to submit with his invoice for payment "a form of agreement duly executed by the defendant herein by which she shall agree to reimburse the County of Essex for the reasonable value of the legal services rendered in such amount and at such time as she shall in the future be able to."
On review in the Law Division, defendant's conviction in the municipal court was reversed. Thereafter, counsel sought an award of counsel fees in the amount of $1,075. The trial judge in the Law Division awarded him a counsel fee of $1,000 and $12.50 for disbursements, "to be paid by the County of Essex." He also ordered the entry of judgment "against Catherine F. Anen in favor of the County of Essex in the amount of $1,012.50 in accordance with the ten (10) year limitation afforded the Public Defender pursuant to N.J.S.A. 2A:158A-17." This appeal by the county followed.
*343 The county contends that (1) counsel appointed for an indigent defendant "in a non-indictable `petty' offense is not entitled to payment of a fee by the County," the appointment being "an obligation of the bar," and (2) this "is not an appropriate case in which to extend the Rush [State v. Rush, 46 N.J. 399 (1966)] formula to a new area [of] coverage."[2] We find no statute, decisional law or rule of court which would authorize an award of a counsel fee in a matter of this kind and, accordingly, we reverse.
N.J.S.A. 2A:158A-5.2 provides that
The Public Defender shall in the manner prescribed by P.L. 1967, c. 43 (C.2A:158A-1 et seq.) provide for the legal representation of any person charged with a disorderly persons offense or with the violation of any law, ordinance or regulation of a penal nature where there is a likelihood that the persons so charged, if convicted, will be subject to imprisonment or, in the opinion of the court, any other consequence of magnitude. [L. 1974, c. 33, § 3]
The statute, by requiring as it does provision for legal representation "in the manner prescribed" by the legislation creating the Office of the Public Defender, obviously encompasses within its scope not only the initial representation by the Public Defender in the municipal court, but also his continued representation, on the de novo review in the Law Division, of the indigent defendant who seeks to appeal from a conviction in the local court. See N.J.S.A. 2A:158A-5, which requires the Public Defender to provide for the legal representation of any indigent defendant formally charged with commission of an indictable offense, specifying that such representation "shall include any direct appeal from conviction...."
However, as noted by this court in In re Spann Contempt, 183 N.J. Super. 62 (App.Div. 1982), since the Legislature has not appropriated funds necessary to implement the provisions of N.J.S.A. 2A:158A-5.2, the Public Defender has not assumed his *344 responsibility thereunder. Accordingly, until the necessary appropriations are made, counsel will be assigned to represent indigent defendants in matters falling within the purview of the statute, whether in the municipal court or on appeal in the Law Division,[3] without compensation. While we recognize that this will entail some burden upon members of the bar, there is no suggestion that the burden would be unreasonable or likely to become so in the immediate future. If it should, our Supreme Court "is available to act." State In Interest of Anthony Antini, Jr., 53 N.J. 488, 495 (1969). And see In re Spann Contempt, supra; Crist v. Youth & Family Services Div., 135 N.J. Super. 573, 577 (App.Div. 1975).
The second and third ordering provisions of the order of April 10, 1980 under review, are reversed. And, the order and judgment of December 23, 1980 under review is, in its entirety, reversed.
NOTES
[1] Counsel explained that defendant was initially "charged with two indictable offenses, both of which were downgraded [and referred] to the Municipal Court for disposition."
[2] Prior to oral argument of this appeal the court was informed that the parties were willing to settle the matter by the county paying counsel for the indigent defendant a fee in the amount of one-half of the award. The court, however, ordered the appeal to go forward.
[3] We note that by R. 3:27-2, as amended July 14, 1972, effective September 5, 1972, representation by counsel assigned to represent the indigent defendant at the trial level does not, in the event of a conviction, include representation on the appeal unless, as here, "further assigned."