135 N.J. Super. 573 (1975)
343 A.2d 815
JULIA A. CRIST, AMERICA MERCADO, GEORGE L. TAZEWELL AND VERA TAZEWELL, ON BEHALF OF THEMSELVES, AS PARENTS AND GUARDIANS OF THEIR CHILDREN AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-RESPONDENTS,
v.
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES AND THE JUVENILE AND DOMESTIC RELATIONS COURT OF CAMDEN COUNTY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1975.
Decided July 16, 1975.
*574 Before Judges MICHELS, MORGAN and MILMED.
Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for appellants (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Carl S. Bisgaier, Deputy Director, Division of Public Interest Advocacy, argued the cause for respondents (Mr. Stanley C. Van Ness, Public Advocate, attorney; Mr. Kenneth E. Meiser, on the brief).
Mr. Robert A. Obler argued the cause for amicus curiae Mercer County Legal Aid Society.
Mr. William H. Lorentz argued the cause for amicus curiae Essex County Legal Services.
PER CURIAM.
The judgment in the Law Division, insofar as it provides that the "Juvenile and Domestic Relations Court shall appoint counsel, upon the request of plaintiffs, to represent plaintiffs at all stages of proceedings for custody of children brought by the defendant Division of Youth and Family Services with the exception of the ex parte application stage," is affirmed substantially for the reasons set forth in the opinion of Judge King. Crist v. N.J. Div. Youth and Family Serv., 128 N.J. Super. 402 (Law Div. 1974). *575 We are in complete accord that the Juvenile and Domestic Relations Court should assign counsel without cost to indigent parents who are subjected to proceedings which may result in either temporary loss of custody or permanent termination of their parental rights. Simple justice demands nothing less in light of the magnitude of the consequences involved. Cf. Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971).
The trial court, however, lacks the power to compel the Division of Youth and Family Services to compensate assigned counsel in such cases. The statute under which the Division of Youth and Family Services commenced proceedings for temporary custody of plaintiffs' children, N.J.S.A. 30:4C-1 et seq., does not provide for the assignment of counsel for indigent parents in such proceedings or for the payment of compensation to their attorneys, and our court rules do not provide for the payment of compensation to assigned counsel. See R. 5:3-3 and R. 3:27.[1] Accordingly, there is no basis for compensating counsel assigned to represent indigent parents in these proceedings. Our Supreme Court, in a somewhat analogous situation in State in Interest of Steenback, 34 N.J. 89 (1961), prior to the establishment of the Office of Public Defender, rejected claims for compensation for services rendered by counsel assigned by the Juvenile and Domestic Relations Court to defend juveniles charged with delinquency which would have amounted to murder had they been adults, stating:
*576 * * * The history and terms of the statute and the court rule, as well as the settled practice, leave little room for doubt that assigned counsel are at present expected to serve without judicial allowance of compensation except where they represent indigents indicted for murder. [at 103]
See also, State in Interest of Anthony Antini, Jr., 53 N.J. 488, 494 (1969).
Furthermore, since no appropriation had been made by our Legislature to the Division of Youth and Family Services for the payment of compensation to counsel assigned to represent indigent parents in proceedings of this nature, the trial judge was without power to order the Division of Youth and Family Services to compensate assigned counsel. As Chief Justice Weintraub pointed out in Fitzgerald v. Palmer, 47 N.J. 106 (1966):
* * * No money may be drawn from the State treasury but for appropriations made by law. Const., Art. VIII, § II, ¶ 2. The judiciary could not order the Legislature to appropriate money, or the governor to approve an appropriation if one were made. * * * [at 108]
See also, O'Neill v. State Hwy. Dept., 50 N.J. 307, 315 (1967); East Orange v. Palmer, 52 N.J. 329, 333 (1968); East Orange v. McCorkle, 99 N.J. Super. 36, 51 (App. Div. 1968).
Pending this appeal new legislation was enacted which now requires the Office of the Public Defender to represent indigent parents and guardians in custody proceedings in the Juvenile and Domestic Relations Courts involving cases of alleged abuse or neglect of children under the age of 18 instituted under the act. L. 1974, c. 119, § 3; N.J.S.A. 9:6-8.23 et seq.[2] The 1974 act, which was approved and became *577 effective October 10, 1974, remained inoperative for 90 days thereafter (January 8, 1975), with the exception that any action or appointments necessary to effectuate the act were authorized prior thereto. L. 1974, c. 119, § 56. We have been informed that while the Office of the Public Defender has undertaken to provide representation to children through a law guardian in accordance with the act, it is not presently furnishing representation to indigent parents or guardians of such children. See N.J.S.A. 9:6-8.23; N.J.S.A. 9:6-8.21(d). Therefore, until the Office of the Public Defender provides such representation, the Juvenile and Domestic Relations Courts will have to assign counsel in such proceeding to serve without compensation. See R. 5:3-3 and R. 3:27. While we recognize that this will entail some burden upon the members of the bar, there is no suggestion that the burden would be unreasonable or likely to become so in the immediate future. The Attorney General has informed us that as of June 1, 1975 there were pending before the Juvenile and Domestic Relations Courts only 73 guardianship actions instituted for termination of parental rights under N.J.S.A. 30:4C-15, with an additional 115 cases awaiting filing, and approximately 233 protective service complaints for temporary custody under N.J.S.A. 30:4C-12. Cf. State v. Rush, 46 N.J. 399, 412-413 (1966); State in the Interest of Antini, Jr., supra 53 N.J. at 495.
Accordingly, the judgment of the Law Division, insofar as it directs the Division of Youth and Family Services to provide compensation for assigned counsel representing indigent parents and guardians in custody proceedings brought by the Division of Youth and Family Services, is reversed.
NOTES
[1] We note parenthetically that in 1971 the Administrative Director, in order to implement the decision of our Supreme Court in Rodriguez v. Rosenblatt, supra, promulgated procedures for the assignment of counsel for indigent defendants subjected to charges entailing the possibility of imprisonment or other consequences of equal magnitude in the municipal court, and expressly pointed out to the municipal judges that "there is no provision either in this opinion [Rodriguez], the court rules or the statutes, which presently authorizes a court to compensate assigned counsel in these cases."
[2] In view of our holding that indigent parents are entitled as a matter of constitutional right to free counsel in proceedings instituted by the Division of Youth and Family Services for the purpose of obtaining temporary custody of their children or termination of their parental rights, it is not necessary to determine whether the 1974 act requires the Office of the Public Defender to represent such parents in proceedings instituted under N.J.S.A. 30:4C-1 et seq., as well. Any ambiguity created by the failure of the 1974 act to specifically provide for such representation in proceedings instituted under N.J.S.A. 30:4C-1 et seq., or to make any reference to the latter act, can be corrected by the Legislature.