152 N.J. Super. 127 (1977)
377 A.2d 804
RUBY LURRY, PLAINTIFF,
v.
JERRY MILLS, DEFENDANT.
Superior Court of New Jersey, Cumberland County Court, Law Division.
August 5, 1977.
*129 Mr. Robert E. Bailey for Cumberland County Welfare Board.
Mr. Connie M. Pascale of the Camden Regional Legal Services, Inc., for defendant.
Mr. Ivan M. Sherman for the County of Cumberland.
PORRECA, J.C.C.
Plaintiff has claimed that defendant is the father of her child and is seeking child support from him in the Bridgeton Municipal Court. Defendant has denied paternity, requesting the municipal court to order an appropriate *130 public agency to assume the costs of a blood-grouping test. The municipal court judge ordered the tests, requiring the Cumberland County Welfare Board to assume the costs. The Welfare Board appeals to this court.
The first issue which must be determined is whether defendant should be considered indigent for the purposes of having the test paid for at public expense. Defendant relies on an administrative directive published on August 30, 1970 in the New Jersey Law Journal which states:
The attention of the Supreme Court has been called to the fact that in some instances judges have been questioning Legal Services attorneys as to their right to represent clients before the court. The Supreme Court is of the view that it is not the responsibility of the judge and should not be his concern whether a person represented by a Legal Service Project attorney is in fact eligible for such representation. The question of eligibility for representation by the Legal Services attorney is a matter for determination by those responsible for the operation of the Legal Services Offices and not the court. [Emphasis supplied]
This directive is also cited in Smith v. Walker, 138 N.J. Super. 187, 193 (Cty. Ct. 1975). In that case the judge held that in determining whether to allow blood-grouping tests at public expense in a paternity action, the court should not consider the issue of indigency. The judge stated:
The above directive remains in full force and effect. Defendant here is represented by Rutgers Urban Legal Clinic. It is a legal services project and has determined that the defendant is indigent and in need of its services. The issue may not be decided, but must be accepted, by the court.
This court agrees that the directive precludes the court from determining the rights of a party to the legal services of a particular agency. The question is whether a determination of indigency by legal services is binding upon some other unrelated public body to the end that it must expend public moneys to assist the legal services client. The answer is no, and to the extent that Smith, supra, holds otherwise this court disagrees. When legal services makes a *131 determination of indigency and assumes representation, they should logically, and if they are to act professionally, provide the client with total representation, including the hiring of experts and other collateral services reasonably foreseeable in pursuit of their client's cause.
Surely the need for blood-grouping tests in a paternity suit is a foreseeable consequence.
However, legal services contends that it has no funds and if the tests are not performed at "public expense," they will not be available.
Additionally, defendant has filed an affidavit of indigency with the court which is uncontroverted and states that he has been unemployed since February 1976, has no income or savings and lives with his mother. Therefore, I find as a fact that he is an indigent for purposes of requiring a public body to pay for necessary defense costs. A paternity action can result in consequences of magnitude. Blood-grouping tests are necessary to a proper defense. State v. Horton, 34 N.J. 518 (1961). In the case at bar defendant is an indigent and blood tests should be provided.
The question is which public entity should be responsible for payment of these costs. This court can find no authority authorizing a County Court to compel a federally-created, funded and regulated legal services project to spend its money in a particular way. Therefore, the agency that should pay refuses to and this court is without authority to compel it to do so.
The court does have the power to compel the county to pay in an appropriate case. State v. Horton, supra.
The county welfare board is an entity created by the county. N.J.S.A. 44:1-10 et seq. Obviously, if the court can compel the county to pay, surely it can exert the same authority over one of its legislative creations.
The municipal court judge ordered payment by the Cumberland County Welfare Board. The Welfare Board appealed, stating in its brief, "The issue to be dealt with here is not the defendant's indigency nor his rights to have blood tests *132 paid for by the `public,' but whether the `public' to pay is the county itself or an entity of the county, i.e. the Welfare Board who was not a party of the initial action." The Welfare Board relies on Smith v. Walker. The court in Smith, citing Crist v. N.J. Div. of Youth and Family Services, 135 N.J. Super. 573 (App. Div. 1975), held that the court did not have the authority to compel the county welfare board to pay for blood tests for which it had no appropriation. However, the court in Crist in reaching its decision relied on Chief Justice Weintraub's opinion in Fitzgerald v. Palmer, 47 N.J. 106 (1966):
* * * No money may be drawn from the State treasury but for appropriations made by law. Const., Art. VIII, § II, p. 2. The judiciary could not order the Legislature to appropriate money, for the governor to approve an appropriation if one were made. * * * [at 108]
The court in Crist dealt with a state agency, the Division of Youth and Family Services. Here we are questioning whether a county or a county board should pay for the tests. The Smith court decided it had the authority to require the county to expend unappropriated funds. I agree and further hold that there is no reason why a county board cannot likewise be required to pay.
In this case the real party in interest is the Welfare Board, and, therefore, it and not the county is the appropriate public agency to provide the necessary funds.