214 N.J. Super. 23 (1986)
518 A.2d 240
IN RE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ROBERT A. NILSEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1986.
Decided November 19, 1986.
*24 Before Judges MORTON I. GREENBERG, J.H. COLEMAN and R.S. COHEN.
John M. Cannel, Assistant Deputy Public Defender, argued the cause for respondent (Alfred A. Slocum, Public Defender, attorney; John M. Cannel of counsel and on the brief).
Robert A. Nilsen, respondent, filed a brief pro se, but did not argue.
The opinion of the court was delivered by J.H. COLEMAN, J.A.D.
This appeal raises the novel issue of whether the Law Division has jurisdiction to order the Office of the Public Defender to represent a defendant who has been indicted. The Office of the Public Defender reviewed Nilsen's application for representation and concluded that he was not indigent. The trial judge sua sponte conducted an informal hearing in which unsworn statements were taken. At the conclusion of this hearing the judge determined that Nilsen was probably indigent and ordered the Office of the Public Defender to represent him. The Public Defender has appealed. We now reverse for the reasons which follow.
Nilsen was indicted for endangering the welfare of children, contrary to N.J.S.A. 2C:24-4. In March 1986 he applied to the Public Defender for representation. While investigating his *25 alleged indigency status, the Office of the Public Defender became aware that after the indictment had been filed, Nilsen transferred his interest in the marital home to his wife. The investigation revealed that the home was worth about $175,000 with a net equity of over $100,000. At the time of the transfer, there was no indication that Nilsen contemplated a divorce or separation from his wife of 20 years. Based on this information the Public Defender concluded that the purpose of the transfer was to make Nilsen indigent. Consequently, the Public Defender determined that Nilsen was not indigent within the contemplation of N.J.S.A. 2A:158A-2 and therefore was ineligible to be represented by the Office of the Public Defender.
The Office of the Public Defender was created by L. 1967, c. 43, § 1, effective July 1, 1967, which became N.J.S.A. 2A:158A-1 et seq. As part of that legislative enactment the Public Defender was vested with the authority to determine the eligibility of applicants for service. N.J.S.A. 2A:158A-14 and 15. If a defendant has been charged with an indictable offense, R. 3:27-1 provides that "[i]f the defendant asserts that he is indigent, ... the court shall have him complete the appropriate form prescribed by the Administrative Director of the Courts and shall refer him to the Office of the Public Defender." By contrast, in a nonindictable offense, if the court is satisfied that a defendant is indigent and is entitled to an attorney, "the court shall assign counsel to represent him." R. 3:27-2. This distinction between who assigns counsel for an indictable offense and a nonindictable offense exists because the Legislature has not funded N.J.S.A. 2A:158A-5.2 which covers nonindictable offenses and the Public Defender has not assumed full responsibility in this area. In re Spann Contempt, 183 N.J. Super. 62, 67 (App.Div. 1982). Therefore, the Court decides indigency and assigns counsel in nonindictable offenses in much the same way as existed under the old R.R. 1:12-9, which was in effect at the time N.J.S.A. 2A:158A-1 et seq. was enacted and when State v. Rush, 46 N.J. 399 (1966) was decided. As to indictable offenses, however, the Legislature appropriates funds for the *26 Office of the Public Defender to determine indigency and to represent those who qualify.
We are persuaded that when the Legislature created the Office of the Public Defender, a separate State agency was established. N.J.S.A. 2A:158-14, 15 and R. 3:27-1 vest in the Public Defender the exclusive authority to determine whether a defendant who has been indicted is indigent and eligible for representation by the Office of the Public Defender. The Legislature delegated to the Office of the Public Defender the exclusive right to determine indigency, which is similar to the exclusive right of Legal Services to determine whom it will represent. Lurry v. Mills, 152 N.J. Super. 127, 130 (Cty.Ct. 1977). Recent attempts have been made to shift the responsibility for determining indigency from the Office of the Public Defender to the Judiciary. See A-1547 and A-249 which were introduced in the 1984 session of the Legislature. Such a proposed change has not yet been enacted. Absent the required legislative change, a trial court cannot assume jurisdiction on its own or in response to an application by a rejected applicant to review an adverse determination of the Public Defender.
We appreciate the frustration the trial judge may endure while trying to bring this case to trial. The Law Division, however, cannot be permitted to usurp the exclusive authority of the Office of the Public Defender which was created by the Legislature and approved by the Supreme Court in R. 3:27-1 through its rule making authority. Similarly, the Law Division cannot circumvent the Appellate Division's jurisdiction. The decision whether to represent a defendant on an indictable offense involves much more than the performance of a mandated ministerial act. See Equitable Life Mort. v. N.J. Div. of Taxation, 151 N.J. Super. 232, 238 (App.Div. 1977), certif. den. 75 N.J. 535 (1977).
After the Office of the Public Defender concludes that an indicted applicant is not indigent, it should serve upon the applicant a written final determination refusing to represent *27 the applicant. If the rejected applicant wishes to contest the rejection, he or she should file an appeal with the Appellate Division pursuant to R. 2:2-3(a)(2). See Pascucci v. Vagott, 71 N.J. 40, 52-53 (1976); Doe v. State, 165 N.J. Super. 392 (App. Div. 1979). A record should then be developed in accordance with R. 2:5-4 and R. 2:5-5. There is some indication that Nilsen attempted to file an appeal pursuant to R. 2:2-3(a)(2) which has been rejected or dismissed for failure to comply with the appellate rules. That appeal can be reinstated or a new appeal filed nunc pro tunc if necessary. In the present appeal, we decide only that the Superior Court, Law Division, did not have the authority to determine whether defendant was indigent. The present record is inadequate for us to treat this appeal as a transfer from the Law Division under R. 1:13-4 and decide whether the Office of Public Defender properly concluded defendant was not indigent.
The order under review is reversed.