216 N.J. Super. 497 (1987)
524 A.2d 448
IN THE MATTER OF GEORGE CLARK.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1987.
Decided April 2, 1987.
*498 Before Judges MICHELS, O'BRIEN and SKILLMAN.
Gary J. Lesneski argued the cause for appellants, Cooper Hospital/University Medical Center (Archer & Greiner, attorneys; Betty S. Adler, on the brief).
John J. Mulderig, respondent, argued the cause pro se (Brown & Connery, attorneys).
Jon C. Martin argued the cause for amicus curiae, New Jersey Hospital Association (Smith, Stratton, Wise, Heher & Brennan, attorneys; James T. Holmes and John R. Heher, of counsel; James T. Holmes and Jon C. Martin, on the brief).
William P. Isele and Leonard Fishman argued the cause for amicus curiae, New Jersey State Bar Association (Gross & Novak, and Cohen, Shapiro, Polisher, Shiekman & Cohen, *499 attorneys; Theodosia A. Tamborlane, Loretta Grennon, William P. Isele and Leonard Fishman, on the brief).
PER CURIAM.
The issue presented by this appeal is whether a hospital which initiates proceedings with respect to the medical treatment of an incompetent, indigent patient may be required to pay the fees of an attorney appointed by the court to represent the incompetent. The trial court held that R. 4:83-4 permits such an award and ordered appellant, Cooper Hospital/University Medical Center, to pay respondent, John J. Mulderig, $3,082.50 in counsel fees for services rendered to George Clark.[1] We affirm this award substantially for the reasons expressed by Judge Talbott. In re Clark, 212 N.J. Super. 408 (Ch.Div. 1986). However, some additional comments are appropriate in light of the arguments raised by Cooper Hospital and the New Jersey Hospital Association, which has participated in the appeal as amicus curiae.
The hospital and hospital association argue that awards of the fees of attorneys appointed to represent indigent, incompetent patients will place an undue financial burden upon hospitals. In support of this argument they rely upon a survey conducted by the hospital association which purports to show that such counsel fees may cost all hospitals in the State in excess of $1.5 million per year. However, this survey assumes that the counsel fees awarded in the present case are representative of the fees generally awarded in medical guardianship proceedings and that such fees invariably will be awarded against the hospital which has initiated the proceeding. Neither of these assumptions is correct. It was acknowledged by counsel at oral argument that the complexity and length of this proceeding was unusual. It is more common for medical guardianship *500 proceedings to take only a few hours and for the award of counsel fees, if any, to be only a few hundred dollars. Furthermore, a hospital ordinarily would not be required to pay such a fee unless a patient is indigent. R. 4:83-4 envisions that the normal source of funds to pay counsel appointed to represent an incompetent will be "the estate of the incompetent." Other sources should be considered only if there are no funds in the alleged incompetent's estate or if there are other circumstances which make it unfair to impose this burden upon the alleged incompetent. In any event, we are confident that hospitals will be able to recoup through the normal rate setting process whatever small increment in indigent care costs may result from the award of attorneys' fees in medical guardianship cases. See N.J.S.A. 26:2H-18d; In re Barnert Memorial Hospital Rates, 92 N.J. 31, 36 (1983).
The hospital also argues that counsel for the incompetent in this case should have been required to serve in a pro bono capacity incident to his public service responsibilities as an attorney. We agree that a trial court has the power to appoint an attorney to represent an indigent incompetent in a medical guardianship proceeding pro bono or, as was done in this instance, at a rate of compensation less than that customarily charged. See State v. Rush, 46 N.J. 399, 412-413 (1966); State in re Steenback, 34 N.J. 89, 103-104 (1961); Crist v. New Jersey Div. of Youth & Family Services, 135 N.J. Super. 573 (App.Div. 1975). However, the trial court correctly determined that R. 4:83-4 also authorizes a court to place responsibility for payment of appointed counsel upon any other party including a hospital which has initiated the proceeding. Whether to award counsel fees and, if they are awarded, the amount and the party required to pay, are matters committed to the sound discretion of the trial court.
We find no abuse of that discretion in this case. The burden undertaken by assigned counsel was substantial. Mr. Mulderig was required to spend more than 40 hours representing *501 Mr. Clark under obviously difficult circumstances. Hence, the trial court could reasonably conclude that it was not fair to require those services to be performed without compensation.
There is a further consideration militating against requiring assigned counsel to serve without compensation in a case such as this. Medical guardianship proceedings generally arise on a highly emergent basis. For this reason, it is desirable for assigned counsel to be readily available and to have some familiarity with such proceedings. Hence, the random assignment on a rotating basis of all members of the bar, as suggested by the hospital association, may not be a satisfactory means of providing representation in some medical guardianship proceedings. And if this responsibility is to be assumed by a small group of attorneys, fairness requires that they receive some compensation.
In respect to the rate of $75 per hour, we note that this is somewhat less than Mr. Mulderig's normal billing rate and that other members of his firm performed legal services for Mr. Clark without charge. Consequently, we find no abuse of discretion in the award of $3,082.50.
We also conclude that it was appropriate to impose responsibility for payment of this expense upon the hospital. It may be appropriate under some circumstances to impose this responsibility upon relatives. See Jersey Shore Medical Center v. Estate of Baum, 84 N.J. 137, 141-143 (1980); Greenspan v. Slate, 12 N.J. 426 (1953); see also N.J.S.A. 44:1-140. However, Clark was not married and had no children. Furthermore, his brothers and sisters were not parties to the proceedings and no authority has been cited for the imposition upon them of the costs of appointed counsel. Additionally, we note the absence of any appropriation by the State or county from which this expense could have been paid. Cf. Crist v. New Jersey Div. of Youth & Family Services, supra, 135 N.J. Super. at 575-576. *502 Thus, the hospital was the only available source of funds to pay appointed counsel in this case.
Affirmed.
NOTES
[1] Mulderig was initially appointed guardian ad litem of the incompetent. However, he also served as attorney for the incompetent, and the award to him was for "legal services."