790 A.2d 943 (2002)
347 N.J. Super. 493
Linda K. SCALCHI, Plaintiff-Respondent,
v.
Frank SCALCHI, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 24, 2002.
Decided February 7, 2002.
*944 Frank Scalchi, appellant pro se.
Respondent has not filed a brief.
Before Judges NEWMAN, FALL and AXELRAD.
The opinion of the Court was delivered by AXELRAD, J.T.C. (temporarily assigned).
Defendant, Frank Scalchi, appeals from an order entered in an enforcement hearing resulting from an arrears for child and spousal support. At the hearing, defendant asserted he was indigent and was entitled to appointment of counsel. He claimed that he faced incarceration at some point due to his significant arrearages and, therefore, should constitutionally be entitled to a lawyer. Judge John J. Harper, a Family Part judge, denied defendant's request by order dated March 26, 2001. Defendant raises the same claim on appeal.
Defendant's claim has no merit. R. 2:11-3(e)(1)(E). The judge sufficiently addressed defendant's request and denied it, concluding that there was no authority in this State in a civil proceeding for a right to counsel. In doing so, he noted that the monies due for child and spousal support were to be paid through the Morris County Probation Department pursuant to an October 14, 1999 order entered in the domestic violence matter because of the final restraining order in effect against defendant. Therefore, that department was a proper party to initiate these enforcement proceedings.
The judge explained how a support enforcement proceeding under Rule 5:7-5 works and how it is different from a criminal matter. Where there is a failure to pay support in New Jersey, a warrant may be used to bring the party into court. Before a defendant can actually be incarcerated, however, a hearing must be held to determine if the defendant has the ability to pay and is presently capable of complying with the order. Saltzman v. Saltzman, 290 N.J.Super. 117, 675 A.2d 231 (App.Div.1996). If a court determines, based on the evidence adduced at the hearing, including defendant's testimony, that a defendant has the ability to pay but is unwilling to do so, incarceration may be ordered as a coercive means to require payment, but not as a punitive measure.
In a criminal matter, "judgment must be a finite sentence, whereas if the proceeding is civil, incarceration ends when the need for coercion ceases, i.e., upon defendant's compliance with the order." Department of Health v. Roselle, 34 N.J. 331, 339, 169 A.2d 153 (1961) (discussing the distinction between civil contempt and criminal contempt proceedings). We have made the following observations regarding a child support enforcement proceeding and possible incarceration:
There is no doubt that there is a vast difference between a [criminal] contempt proceeding ... and a [civil] proceeding to enforce litigant's rights .... The latter is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant. In such proceeding the judge, before ordering any sanction, must determine that the defendant has the ability to comply with the order which he has violated, and incarceration may be ordered only if made contingent upon defendant's continuing failure to comply with the order. Release must be available immediately upon defendant's compliance. Defendant may not be sentenced to a specific jail term.
[Essex County Welfare Bd. v. Perkins, 133 N.J.Super. 189, 195, 336 A.2d 16 *945 (App.Div.), certif. denied, 68 N.J. 161, 343 A.2d 449 (1975).]
New Jersey has given longstanding recognition to a defendant's right to counsel in a criminal matter entailing "imprisonment in fact or other consequences of magnitude...." Rodriguez v. Rosenblatt, 58 N.J. 281, 295, 277 A.2d 216 (1971). In an ideal world with unlimited resources, it would be preferable and appropriate to assign an attorney to anyone who desired such representation and could not afford to pay for it. The Sixth Amendment to the United States Constitution, however, does not provide for counsel in a non-criminal setting. The current law in New Jersey has not extended the Rodriguez case to require that counsel be assigned to an indigent in a support enforcement proceeding.[1] The fact alone that other states have imposed an obligation to appoint counsel in certain civil contempt proceedings for nonsupport is an insufficient basis for this court to do so, absent direction from our Supreme Court. See, e.g., McBride v. McBride, 334 N.C. 124, 431 S.E.2d 14 (1993) (citing cases from Alaska, Connecticut, Indiana, Iowa, Maryland, Michigan, Minnesota, Nebraska, Texas and Washington); Young v. Whitworth, 522 F.Supp. 759 (S.D.Ohio 1981).
Although it has no bearing on the merits of our decision, we note that defendant in this case claims he is indigent but there do not appear to be any supporting documents in the record. It appears that defendant was only out of work for a little less than two months for a work-related injury occurring on August 16, 2000 and presumably received Workers' Compensation benefits during that time. Moreover, the fact that defendant's arrears were $6,724 as of November 6, 2000, based on an order of $265 per week in child and spousal support, suggests that defendant had been ignoring his support obligation for a long period of time. One would think that if defendant were truly indigent, he would have filed an application seeking to reduce his support obligation rather than choosing to ignore it. It does not appear that defendant sought any relief from his court-ordered obligation based on the record presented on appeal.
Affirmed.
NOTES
[1] The only civil proceedings in which New Jersey has required the assignment of counsel without cost to an indigent are Title 9 Abuse and Neglect actions, N.J.S.A. 9:6-8.43 (statutorily permitting the respondent parent or guardian to apply for an attorney through the Department of Public Advocate and requiring the court to appoint a law guardian for the child) and termination of parental rights actions, N.J.S.A. 30:4C-11 to -24. Crist v. New Jersey Div. of Youth & Family Servs., 135 N.J.Super. 573, 575, 343 A.2d 815 (App.Div. 1975) (holding that, even though not statutorily mandated, "[s]imple justice demands nothing less in light of the magnitude of the consequences involved. Cf. Rodriguez v. Rosenblatt, 58 N.J. 281, 295, 277 A.2d 216 (1971).").