**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2117-24

GAURAV BALYAN,[1]

    Plaintiff-Appellant,

v.

GITA DHAMIJA,
f/k/a RIA BALYAN,

    Defendant-Respondent.

_____

Submitted April 14, 2026 – Decided April 22, 2026

Before Judges Firko and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-0878-16.

Gaurav Balyan, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] In some instances in the record, the parties' last name is incorrectly spelled as "Baylan." We use Balyan in our opinion.

In this one-sided post-judgment matrimonial matter, plaintiff Gaurav Balyan, who is self-represented, appeals from a December 16, 2024 Family Part order denying his motion to terminate his alimony and child support obligations. Plaintiff primarily contends the judge misapplied the standard for a modification of support as set forth in Lepis v. Lepis, 83 N.J. 139 (1980). Plaintiff also appeals from a January 17, 2025 order denying his motion for reconsideration of the December 6, 2024 order. We affirm both orders.

I.

Factual Background

The parties were married on January 8, 2002, and divorced by way of a dual final judgment of divorce (FJOD) entered on July 13, 2016. Two children were born of the marriage in 2008 and 2013. A marital settlement agreement (MSA) was incorporated into the FJOD. Pursuant to the MSA, plaintiff was ordered to pay defendant limited duration alimony for a term of nine years. For the first five years, plaintiff was obligated to pay $2,500 per month, and for the last four years, the sum of $2,250 per month. Plaintiff was ordered to pay defendant $162 per week in child support as per the child support guidelines, sole parenting worksheet. Alimony and child support were ordered to be paid

2

through probation via wage garnishment. Both parties were represented by counsel at the time the MSA and FJOD were entered.

Prior to the parties' divorce, plaintiff was employed in leadership and management roles in "systems engineering" until August 2023, when he lost his job. Plaintiff claimed he thereafter attempted to secure employment in his line of work but was unsuccessful. According to plaintiff, he made all alimony, child support, and the children's health insurance payments from 2015 until January 2024 and had a credit balance with probation. On October 31, 2024, plaintiff filed a motion seeking to terminate alimony and child support payments retroactive to September 1, 2023, and to have "all monies withheld or levied" applied towards child support arrears.

Plaintiff asserted he exhausted all of his savings, had to borrow money from his family, and attempted to sell his house. In his moving certification, plaintiff asserted the IT market is "historically slow with few job opportunities offering low pay and located far away from [his] residence." Plaintiff supplied the judge with screenshots of a LinkedIn page showing his submission of 147 job applications. Defendant did not file opposition to plaintiff's motion but was served with the papers.

The December 6, 2024 order denied without prejudice plaintiff's motion to modify the MSA and terminate his alimony and child support obligations. In his comprehensive order, the judge determined plaintiff "continues to remain unemployed . . . for a period exceeding one . . . year," and it did not appear he has made "diligent efforts to secure employment." The judge "d[id] not understand" why plaintiff has not pursued the job opportunities set forth in his moving papers and noted he is "not pursuing enough appropriate avenues to regain employment."

Regarding medical issues, the judge emphasized plaintiff stated he has medical conditions, "which impact his ability to work," but did not provide any evidence to support his claim. The judge highlighted the LinkedIn page showed 147 job applications in the "account's history," but the applications were "at least eleven . . . months old." The judge rejected plaintiff's assertion that thirty-four job applications in a span of eleven months demonstrated he was "actively seeking employment."

The judge noted that plaintiff did not state how he wants to "modify" the MSA other than to terminate his alimony and child support obligations. The judge was "hesitant" to modify the MSA "absent a clear request and

4

substantiating information demonstrating necessity, an agreement between the parties," or "other appropriate documentation."

The judge pointed out that an order was entered on March 14, 2024, granting plaintiff's request to modify the MSA as to the children's health insurance but denied his requests to modify his alimony and child support obligations. The judge addressed the fact that plaintiff failed to append copies of all prior case information statements [CIS] to his motion as required by Rule 5:5-4(a)(4).[2]

The judge noted plaintiff alleged defendant's "earnings have likely increased significantly and possibly has been so for some time now," but he did "not explain why he believes [she] may have increased earnings." The judge reasoned plaintiff "still has no job," which does not constitute a change in

---

[2] Rule 5:5-4(a)(4) states in pertinent part:

> (4) Motion attachments for modification or termination of alimony or child support not based on retirement. When a motion or cross motion is filed for modification or termination of alimony or child support, other than an application based on retirement filed pursuant to N.J.S.A. 2A:34-23(j)(2) and (j)(3), the movant shall append copies of the movant's current [CIS] and the movant's [CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified.

circumstances to warrant the relief he seeks. The judge determined plaintiff only wants to work "in the field of IT," and only "for certain desirable opportunities," such as "Director or Senior Vice President positions." The judge concluded plaintiff has not considered "alternative career paths" or "finding temporary work until a full-time position in his desired field, at his desired position[,] is found." The judge noted N.J.S.A. 2A:17-56.23a bars retroactive modification of permanent child support arrears, with the exception as to the date the notice of motion requesting modification is mailed. A memorializing order was entered.

On December 10, 2024, plaintiff moved for reconsideration under Rule 4:49-2, arguing the judge should consider "newly discovered evidence" and that he misapplied the standard for modification as set forth in Lepis, 83 N.J. at 157. Plaintiff asked the judge to reconsider his prior motion in its entirety because defendant did not submit opposition. In denying reconsideration, the judge reasoned plaintiff's medical records—dating back to 2019—could have been mentioned previously. The judge also held he did not misunderstand plaintiff's "job search efforts," which were "inadvertently omitted" from his previous motion, and the newly submitted job applications did not "undermine" the judge's December 6, 2024 decision. The judge also pointed out that plaintiff

failed to include a copy of the order and written opinion he was seeking reconsideration of as required by Rule 4:49-2. A memorializing order was entered. This appeal followed.

Before us, plaintiff argues the trial court erred by:

> (1) denying his motion for reconsideration;
>
> (2) failing to vacate the arrest warrant, which violated his due process rights;
>
> (3) misinterpreting and applying the MSA;
>
> (4) failing to properly consider his job search efforts and financial hardship as evidence of changed circumstances; and
>
> (5) failing to consider the evidence of changed circumstances and not allowing him to retain funds for basic living expenses.

## II.

We review an order denying reconsideration under Rule 4:49-2 for abuse of discretion. Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262 (App. Div. 2024); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "'An abuse of discretion arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging

<u>Fulfillment</u>, 440 N.J. Super. 378, 382 (App. Div. 2025) (quoting <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

We defer to factual findings "supported by adequate, substantial, credible evidence" in the record. <u>Gnall v. Gnall</u>, 222 N.J. 414, 428 (2015) (citing <u>Cesare v. Cesare</u>, 154 N.J. 394, 411-12 (1998)). "Reversal is warranted only when . . . the trial court's factual findings are 'so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice.'" <u>Reese v. Weis</u>, 430 N.J. Super. 552, 567 (App. Div. 2013) (alteration in original) (quoting <u>Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am.</u>, 65 N.J. 474, 484 (1974)).

## A.

Before us, plaintiff reprises several of the same arguments raised in his motion for reconsideration in support of his overall contention that the judge committed reversible error and abused his discretion by enforcing his support obligations without considering defendant's possible increased earnings, his lack of employment, "dire financial situation," and health limitations consistent with the <u>Lepis</u> standard. Additionally, plaintiff maintains the judge also improperly disregarded his extensive and documented job search efforts and made erroneous findings by failing to consider the "challenging IT market conditions."

N.J.S.A. 2A:34-23 authorizes the Family Part to modify alimony and child support awards when circumstances warrant modification. See Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015). The statute expressly provides that support orders "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. Our courts have long interpreted this language to require a party seeking a modification of a support obligation to demonstrate "changed circumstances." Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis, 83 N.J. at 157).

Once a movant establishes a prima facie for a changed circumstance, the court may order discovery, and, if material facts remain in dispute, conduct a plenary hearing to determine whether changes in the parties' needs or abilities to pay justify modification or termination of support. Miller v. Miller, 160 N.J. 408, 420 (1999). Further, courts have recognized several circumstances that may satisfy the prima facie threshold, including an "increase or decrease in the supporting spouse's income," Lepis, 83 N.J. at 151, and the maturation of a child and resulting changes in their needs, J.B. v. W.B., 215 N.J. 305, 313 (2013).

In assessing whether changed circumstances exist, a court must compare the parties' current financial circumstances to those that existed at the time the support obligation was last fixed. Beck v. Beck, 239 N.J. Super. 183, 190 (App.

Div. 1990). This inquiry is not confined to circumstances contemplated at the time of divorce; rather, it focuses on whether the change is continuing and whether the agreement or judgment accounted for that change. Deegan v. Deegan, 254 N.J. Super. 350, 354-55 (App. Div. 1992) (quoting Lepis, 83 N.J. at 152). These same principles govern both termination and modification of support obligations. Voynick v. Voynick, 481 N.J. Super. 207, 223 (App. Div. 2025).

Applying the requisite legal standards to the judge's reasoning, we reject plaintiff's primary contention that the judge abused his discretion by denying the motion for reconsideration under Rule 4:49-2 and failing to properly apply the Lepis standard. As a threshold matter, there is no dispute plaintiff lost his job as a systems engineer and that prior to his job loss he had complied with his support obligations. We further note that, under Lepis, courts may properly consider a decrease in a supporting spouse's income due to job loss as one of the enumerated statutory factors in determining whether a change in circumstances has occurred. Thus, the issue here is not whether plaintiff suffered a job loss, but rather whether he demonstrated a "meaningful effort to improve his status" and find alternative employment, even if not at his previous senior level. Aronson v. Aronson, 245 N.J. Super. 354, 361 (App. Div. 1991).

10

Here, the judge acknowledged plaintiff's job loss but nevertheless remained unconvinced he had established that a termination of his support obligations was warranted. In concluding that plaintiff failed to establish a basis for reconsideration, the judge principally relied on plaintiff's failure to submit proof of "newly discovered evidence," or "alleged error" in the previous decision. More particularly, the judge highlighted that for the first time, plaintiff submitted his medical records, which date back to 2019, with his motion for reconsideration. The judge aptly noted plaintiff did not provide a reason as to why records "created in 2019," would have been unavailable to him at the time he filed his notice of motion on November 4, 2024.

The judge noted the medical records from 2019 state plaintiff suffers from back and neck pain. The judge rejected plaintiff's contention that his medical records demonstrate his "employment options are more limited than previously understood." Therefore, the judge reasoned the medical records from 2019 are "not dispositive of any new information" and pointed out plaintiff was able to work at his previous job until August of 2023. Since the medical records were "not up to date" and did not demonstrate any "new information," the judge found reconsideration was not warranted. Because the judge fairly considered the proofs submitted relative to plaintiff's medical issues for the first time on

11

reconsideration and applied well-established legal principles, we cannot conclude the judge abused his discretion.  Parke Bank, 480 N.J. Super. at 262.

## B.

Plaintiff next asserts the judge failed to consider his "genuine efforts to find employment at varied levels with IT" and "outside" his field of expertise. Plaintiff maintains on reconsideration, the judge misunderstood his job search efforts, he had no funds for "training and certification," and that he continues to "self-train."  Plaintiff argues he "clarified" for the judge that "mere titles" he is applying for do not "necessarily translate" to a position.  Plaintiff's argument is unavailing.

The judge emphasized he did not misunderstand plaintiff's job search efforts, which according to plaintiff, were "inadvertently omitted" from his previous submission.  The judge noted plaintiff attached LinkedIn screenshots illustrating more job applications with his reconsideration motion, but this did not change the judge's reasoning for his decision.

The judge explicitly determined that plaintiff's reconsideration motion included job applications comprised mostly of "[d]irector level positions," a few VP positions, a position as "Global Leader" in banking and infrastructure, "[h]ead" level positions, and a "[c]o-[f]ounder role."  The judge reiterated

12

plaintiff has not been applying for "lower-level roles," for "temporary work," or other employment prospects, which was unchanged from the judge's December 6, 2024 order and opinion.

On this point, plaintiff provides no basis to disturb the judge's denial of his motion for reconsideration. The judge analyzed plaintiff's argument and proofs and denied reconsideration for the reasons stated. The record clearly shows the judge did not abuse his discretion in denying reconsideration. Having found plaintiff did not establish a prima facie case of changed circumstances, the judge properly denied his motion for a modification of his support obligations and properly interpreted the MSA.

C.

Finally, plaintiff contends that the judge erred by not vacating the bench warrant for his arrest. We disagree. An arrest warrant may be issued to bring a plaintiff to court. Scalchi v. Scalchi, 347 N.J. Super. 493, 495 (App. Div. 2002). "Before a [plaintiff] can actually be incarcerated, however, a hearing must be held to determine if the [obligor] has the ability to pay and is presently capable of complying with the order." Ibid. (citing Saltzman v. Saltzman, 290 N.J. Super. 117, 123-24 (App. Div. 1996)). At the ability-to-pay hearing, the trial court must advise obligors subject to incarceration for non-payment of alimony

13

that they have a right to appointed counsel if they demonstrate indigency. Pasqua v. Council, 186 N.J. 127, 146 (2006).

We see no reason to disturb the judge's decision to arrest plaintiff and bring him before the court in order for the court to make further appropriate determinations.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

14

A-2117-24